## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ARMANDO COLÓN SÁNCHEZ, AND OTHER 70 CO-PLAINTIFFS IDENTIFIED IN ATTACHMENTS A, B AND C** | CIVIL No.12-1395 |
| Plaintiffs | ERISA |
| v. | |
| **PFIZER PHARMACEUTICALS LLC FORMERLY WYETH PHARMACEUTICALS, CO. A/K/A "PHARMA" AND "OTC", FORMERLY AYERST WYETH CO., A/K/A "AWPI" AND "WHITE HALL"** | |
| Defendant | |

### NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

COMES NOW, Pfizer Pharmaceuticals LLC ("Pfizer"),[1] through its undersigned counsel, solely for purposes of this motion, and by means of a special appearance and without waving any defense pertaining to this court's jurisdiction over the present matter, hereby gives notice of removal of this action from the Puerto Rico Court of First Instance, Guayama Superior Part, where it is pending, to the United States District Court for the District of Puerto Rico. In support of this Notice of Removal, the appearing defendant states as follows:

1. Pfizer has become aware of a civil action commenced in the Puerto Rico Court of First Instance, Guayama Superior Part, Civil Number G PE2012-0012 (303), entitled <u>Armando</u>

---

[1] Pfizer acquired Wyeth Pharmaceuticals Company ("Wyeth") through a purchase agreement executed in 2009, by which it assumed any and all liabilities of the latter as well as agreed to continue litigating any claim filed against Wyeth prior to said purchase.

Colón Sánchez, et al. v. Pfizer Pharmaceuticals LLC, formerly Wyeth Pharmaceuticals, Co. a/k/a "Pharma" and "OTC", formerly Ayerst Wyeth Co., a/k/a "AWPI" and "White Hall".

2.      The summons and Amended Complaint in the aforementioned state court case were served on the appearing defendant on April 25, 2012.[2]   A copy of the Amended Complaint and summons and pleadings to date are attached to this notice as Exhibit A in compliance with 28 U.S.C. § 1446(a). A motion requesting an extension of time to file official translations of the same has also been filed on this date.

3.      Plaintiffs' alleged cause of action is related directly to their severance benefits under Wyeth Pharmaceuticals Company's Severance Plan ("the Plan"). Specifically, Plaintiffs allege that their severance benefits could not be conditioned to the execution of a severance agreement and general release under which they had to waive any and all claims they may have or have had against Wyeth under local wage and hour laws and/or regulations, as well as voluntarily desist with prejudice of any and all wage and hour claims pending against Wyeth.  The severance agreement and general release they claim to be invalid was drafted according to the terms of the Plan.  The severance Plan in question constitutes an "employee welfare benefit plan," as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002 (1). Thus, plaintiffs' cause of action constitutes a claim for benefits under the plan under Section 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B) and jurisdiction is governed by section 502(e)(1) of ERISA, which, in its relevant part, provides:

> Except for actions under subsections (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs 1(B) and (7) of subsection (a) of this section.

---

[2] Copy of an original complaint and a first amended complaint were also served upon Pfizer on that same date.

29 U.S.C.  1132(e)(1).

4.      As evidenced by the above cited excerpt, the express language of section 502(e) gives concurrent subject matter jurisdiction to state and federal courts to entertain causes of action under ERISA to recover benefits, to enforce or protect rights, or to clarify future rights under the terms of an ERISA welfare benefit plan. See 29 U.S.C.A. §§ 1132(a)(1)(b) & (e).  Nevertheless, unless otherwise expressly provided by an Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction, may be removed by defendant to a district court of the United States. See 28 U.S.C. § 1441(a).  Therefore, although concurrent jurisdiction under ERISA section 502(e) gives the plaintiff the initial choice of forum, said choice is necessarily subject to defendant's exercise of its right of removal.  See 28 U.S.C. § 1441.

5.      In the case at hand, from the face of the Amended Complaint it is clear that plaintiffs have a colorable claim pursuant to ERISA to enforce their rights under the terms of an employee welfare plan.  Although not invoking ERISA on its face, plaintiffs' claims fall squarely under Section 502(a)(1)(B) of ERISA. Said section provides that "[a] civil action may be brought by a participant or beneficiary to . . .,  to enforce his rights under the terms of the plan, . . . ." 29 U.S.C. § 1132(a)(1)(B).

6.      A claim against an ERISA-covered plan is deemed to arise exclusively under ERISA. Consequently, plaintiffs' claims have the characteristics of an action under section 502(a)(1)(B) of the Act, is within the scope of ERISA's civil enforcement provision and is subject to removal by defendant pursuant to 28 U.S.C. § 1441 as "arising under" the laws of the United States.  See 29

-3-

U.S.C. 1132(a); See, Cf. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (removal of ERISA claims is appropriate under the federal question jurisdiction pursuant to 28 U.S.C. 1331, if the plaintiff's complaint establishes that the case "arises under" federal law); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 559-60 (1968) ("Any state law applied . . . will be absorbed as federal law and will not be an independent source of private rights." (citing Textile Workers Union of Am. v. Lincoln Mills, 353 U.S. 448, 456-57(1957)); Hughes v. Boston Mut. Life Ins. Co., 26 F.3d 264, 267 (1st Cir. 1994); McCoy v. Massachusetts Institute of Technology, 950 F.2d 13, 15 (1st Cir. 1991); U.S. v. Commonwealth of Puerto Rico, 721 F.2d 832, 838 (1st Cir. 1983); Ingersoll-Rand v. McClendon, 498 U.S. 133, 144 (1990); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7.     We recognize that plaintiffs' Amended Complaint, on its face, does not mention ERISA. However, Congress may so completely preempt a particular area, as with ERISA, that any civil complaint raising that group of claims is "necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). Thus, because plaintiffs' state law claim actually is federal in character, the suit arises under the laws of the United States and is removable to federal court by Pfizer. Moreover, because plaintiffs are beneficiaries seeking to enforce their rights under the terms of an ERISA plan, their wage and hour claims are displaced by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), "which provides an exclusive federal cause of action for resolution of such disputes." Metropolitan Life, 481 U.S. at 62-63.

8.     In light of the foregoing, it is clear that the appearing defendant is entitled to remove the cause of action filed before the Puerto Rico Court of First Instance, Guayama Superior Part, to

the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. § 1331, 1441(a) and 1446.

WHEREFORE, pursuant to 28 U.S.C.§§ 1441 and 1446, defendant Pfizer hereby gives Notice of Removal of the above captioned case to this Honorable Court and request that the cause of action filed before the Puerto Rico Court of First Instance, Guayama Superior Part, Civil Number Civil Number G PE2012-0012 (303), entitled <u>Armando Colón Sánchez, et. al. v. Pfizer Pharmaceuticals LLC, formerly Wyeth Pharmaceuticals, Co. a/k/a "Pharma" and "OTC", formerly Ayerst Wyeth Co., a/k/a "AWPI" and "White Hall"</u>, proceed before this Court as an action properly removed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of May, 2012.

WE HEREBY CERTIFY that on May 25, 2012, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to the following parties by certified mail: **Luis R. Mellado González, Esq.**, PO Box 193489, San Juan, Puerto Rico 00919-3489; **Rafael H. Marchand Rodríguez, Esq.**, Edif. Banco Cooperativo Plaza, 623 Ave. Ponce de León, Oficina 502-B, San Juan, Puerto Rico 00918; and, to **David Noriega Rodríguez, Esq.**, Edif. Banco Cooperativo Plaza, 623 Ave. Ponce de León, Ste. 305-B, San Juan, Puerto Rico 00917. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

**s/Rafael E. Aguiló-Vélez**
**Rafael E. Aguiló Vélez**
USDC PR No.207702
raguilo@salawpr.com

**s/ Lourdes C. Hernández-Venegas**
**Lourdes C. Hernández-Venegas**
USDC PR No. 215507
lhernandez@salawpr.com

**s/Elizabeth Pérez-Lleras**
**Elizabeth Pérez-Lleras**
USDC PR No. 221908
eperez@salawpr.com

H:\ATTY\EP\Pfizer\Armando Colón\Pleadings federal\Notice of Removal.wpd