1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3  ARMANDO COLON-SANCHEZ, et al.,

4      Plaintiffs,                        Civil No. 12-1395 (JAF)

5      v.

6  PFIZER PHARMACEUTICALS LLC, et al.,
7
8      Defendants.

9

10

11  **<u>OPINION AND ORDER</u>**

12      Before the court is Plaintiffs' motion to remand this case to commonwealth court.

13  (Docket No. 14.)   Defendant Pfizer Pharmaceuticals, LLC ("Pfizer" or "Defendant")

14  opposes.   (Docket No. 18.)   For the following reasons, we grant Plaintiffs' motion and

15  remand this case to Commonwealth court.

16  **I.**

17  **<u>Factual Synopsis</u>**

18      Plaintiffs originally filed this suit in Puerto Rico's Court of First Instance in

19  Guayama.  (Docket No. 1-3.)   Plaintiffs worked for ten years in the manufacturing and

20  packaging plants now owned by Pfizer.  (Docket No. 7-1 at 1.)   Plaintiffs' complaint alleges

21  a number of claims under Puerto Rico employment laws, including claims for unpaid wages.

22  (<u>Id.</u>)  The statute that Plaintiffs emphasize most heavily is 29 L.P.R.A. § 283, a Puerto Rico

23  law requiring employers to provide meal periods to employees.  (Docket No. 7-1 at 4-7.)

24  Plaintiffs allege that they were never paid for the time they worked during the mandatory

25  meal period, or for overtime hours.  (<u>Id.</u>)  The complaint does not mention ERISA.  (<u>Id.</u>)

Civil No. 12-1395 (JAF)                                                              -2-

1     Plaintiffs acknowledge that these claims have already been dismissed by

2  Commonwealth courts, pursuant to their own past voluntary request for dismissal.   (Id.)

3  Plaintiffs now claim that their own request for dismissal was made under duress.   (Id.)

4  Pfizer responds that Plaintiffs agreed to dismiss these claims as a condition for receiving

5  severance benefits.  (Docket No. 9.) Defendant removed this case to our court, claiming

6  preemption under the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C.

7  § 1144.  Defendant argues that the severance agreement signed by Plaintiffs is an "employee

8  benefits plan" covered by ERISA.  (Docket No. 18.)  Plaintiffs filed a motion to remand to

9  the Commonwealth courts. (Docket No. 14.)  Pfizer opposed. (Docket No. 18.)

10                                              **II.**

11                          **Legal Standard for Motion to Remand**

12     28 U.S.C. § 1441(b) provides the mechanism for removing a state court case to

13  federal court. A case may be removed to federal court "if it presents a 'claim or right arising

14  under the Constitution, treaties or laws of the United States.'" Rosello-Gonzalez v.

15  Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004) (citing 28 U.S.C. § 1441(b)).  The "presence

16  or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

17  which provides that federal jurisdiction exists only when a federal question is presented on

18  the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482

19  U.S. 386, 392 (1987).

20     A corollary to the well-pleaded complaint rule is the principle that "a plaintiff may

21  not defeat removal by omitting to plead necessary federal questions." Franchise Tax Bd. Of

22  Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983).  If a court finds

Civil No. 12-1395 (JAF)                                                                               -3-

1   that "a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even

2   though no federal question appears on the face of the plaintiff's complaint."   Rivet v.

3   Regions Bank of La., 522 U.S. 470, 475 (1998).

4        Complete preemption is an exception to the well-pleaded complaint rule and occurs

5   with statutes such as ERISA, where a claim "though couched in the language of state law,

6   implicates an area of federal law for which Congress intended a particularly powerful

7   sweep." Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999) (citing Metro.

8   Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)).

9        Once a suit has been removed, 28 U.S.C. § 1447 (2006) "provides for remand if 'the

10  case was removed improvidently and without jurisdiction.'"   Ochoa Realty Corp. v. Faria,

11  815 F.2d 812, 815 (1st Cir. 1987) (citing 28 U.S.C. § 1447).   "If at any time before final

12  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

13  remanded" to the state court.  28 U.S.C. § 1447(c).

14       Defendant, as the party opposing remand and urging jurisdiction, has the burden to

15  demonstrate this court's subject matter jurisdiction, and we note that "'all doubts should be

16  resolved in favor of remand.'"  San Antonio–Trinidad v. Marriott P.R. Mgmt. Corp., 773

17  F.Supp.2d 244, 248 (D.P.R.2011) (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108,

18  111 (3d Cir.1990)); see also Oakes Fed. Proc., L. Ed. § 69:134 ("Once a motion to remand

19  has been filed, the burden is on the removing party to establish that federal jurisdiction

20  exists.").

1    ### III.

2    ### **Analysis**

3    For preemption purposes under ERISA, courts apply a two-part analysis.  First,

4    courts ask whether the purported plan is "an employee benefit plan" within the scope of

5    ERISA, 29 U.S.C. § 1144(a).  <u>Rosario-Cordero v. Crowley Towing & Transp. Co.</u>, 46 F.3d

6    120, 124 (1st Cir. 1995).  Next, courts ask whether the plaintiff's state-law claim "relates to"

7    the employee benefit plan.  <u>Id.</u>; 29 U.S.C. § 1144(a) (state-law claims are pre-empted if they

8    "relate to" an employee benefits plan).  If both answers are in the affirmative, the plaintiff's

9    claims are preempted by ERISA.  <u>Colon–Rodriguez v. Astra–Zeneca Pharms., LP</u>, 831

10   F.Supp.2d 545, 550–51 (D.P.R. 2011).

11   In their motion for remand, Plaintiffs make arguments under each part of this two-

12   part test.  Plaintiffs argue that the severance benefits they received from Pfizer did not

13   constitute an "employee benefits plan" covered by ERISA.  (Docket No. 14 at 4.)  Second,

14   Plaintiffs argue that their claims for unpaid wages do not "relate to" an employee benefits

15   plan.  (<u>Id.</u>)  Defendant's opposition to remand is devoted almost entirely to contesting the

16   first part of this two-part test.  (Docket No. 18.)  Defendant attaches a copy of its plan,

17   arguing that it constitutes an "employee benefits plan" within the meaning of ERISA.

18   (Docket Nos. 9-1; 18.)   But, importantly, Defendant does not make a developed argument

19   that Plaintiffs' claims "relate to" the employee benefits plan.  (Docket No. 18.)  We find that

20   Defendant has failed to show Plaintiffs' claims "relate to" an employee benefits plan.

21   Accordingly, we remand this case to the Commonwealth court.

22   We first address briefly whether Pfizer's plan qualifies as an employee benefit plan

23   under ERISA.  The "beacon by which we must steer" for deciding this first question is <u>Fort</u>

Civil No. 12-1395 (JAF)                                                                          -5-

1   Halifax Packing Co. v. Coyne, 482 U.S. 1 (1987).  Belanger v. Wyman-Gordon, 71 F.3d

2   451, 454 (1st Cir. 1993).  In Fort Halifax, the Supreme Court held that an employee benefit

3   plan covered by ERISA "by nature requires an ongoing administrative program to meet the

4   employer's obligation." 482 U.S. at 11.  Congress sought to protect employee benefit plans

5   in part because these plans "involve administrative activity potentially subject to employer

6   abuse."  Id.  The Court distinguished such long-term benefit plans, deserving of federal

7   protection, from the kind of short-term severance agreements that require only a "one-time,

8   lump sum payment." Id.  This latter type of payment scheme is not covered by ERISA.  Id.

9   at 16. ("To do little more than write a check hardly constitutes the operation of a benefit

10  plan.").  Where no employee benefit plan is in force, preemption is not required, because

11  "preemption would in no way serve the overall purpose of ERISA." Id.

12         In a long line of cases, the First Circuit has engaged in a series of "line drawing"

13  exercises to determine whether a given plan involves the type of "ongoing administrative

14  and financial operation" necessary for ERISA coverage.  Compare O'Connor v.

15  Commonwealth Gas Co., 251 F.3d 262, 267 (1st Cir. 2001) (finding that "one-shot, take-it-

16  or-leave-it incentive" is not covered by ERISA); Rodowicz v. Mass Mutual Life Ins. Co.,

17  192 F.3d 162, 170 (1st Cir. 1999) (finding that a voluntary termination program was akin to

18  one-time severance payment); Belanger, 71 F.3d at 454 (finding early retirement offer not

19  an employee benefits plan) with Simas v. Quaker Fabric Corp., 6 F.3d 849, 853 (1st Cir.

20  1993) (finding that a plan's non-mechanical criteria and prolonged time period required

21  ERISA protection).

22         We acknowledge that the plan here presents a close case.  See Simas, 6 F.3d at 854

23  (recognizing that "close cases will approach the line from both sides").  On the one hand,

Civil No. 12-1395 (JAF)                                                                          -6-

1   the plan submitted by Pfizer contains strong evidence of the employer's intent to create a

2   plan covered by ERISA.   See O'Connor, 251 F.3d at 271 (noting the factors to be

3   considered as evidence of an employer's intent).  The plan lists an administrator and agent

4   for service of process, acknowledges a fiduciary relationship, and provides for claims and

5   appeals processes.  (Docket No. 9-1.)  The plan also requires an administrator to make the

6   type of non-mechanical determinations that the First Circuit held was suggestive of the

7   discretion inherent in ERISA-covered plans.  Simas, 6 F.3d at 853.

8          But Plaintiffs are correct that "one very important consideration is whether, in light

9   of all the surrounding facts and circumstances, a reasonable employee would perceive an

10  ongoing commitment by the employer to provide employee benefits."  Belanger, 71 F.3d at

11  455.  Here, there is no suggestion that Plaintiffs had reason to expect such a long-term

12  commitment.  The limited facts alleged suggest a "one-time severance payment to displaced

13  employees in the event of a plant closing." Id. (citing Port Halifax, 482 U.S. at 12.)  At least

14  one other court in this district has characterized the same Pfizer plan in this way.  De Jesus

15  v. Wyeth Pharmaceuticals, Co., 2009 WL 3048415, Civ. No. 09-1353 (D.P.R. Sept. 16,

16  2009).[1]   And the fact that the payments were broken down into twelve to fifty-two weekly

17  installments, rather than just one severance payment, does not make an ERISA plan.  See

18  Rosario v. Syntex, 842 F.Supp.2d 441, 450 (D.P.R. 2012) (the "scheduling of payments

19  does not evoke Congress' purpose in establishing ERISA's protections.") (citations

20  omitted).

---

[1] A copy of the remand order issued by Judge Delgado is attached to Plaintiffs' motion as Docket No. 14-3. The defendant in that case was Wyeth Pharmaceuticals Co.  (Id.)  Pfizer is the successor to Wyeth and operates the same plan.

Civil No. 12-1395 (JAF)                                                                   -7-

1      We find it unnecessary to resolve this question definitively, however, given

2   Defendant's clear failure to satisfy the second part of the two-part test.  See Combined

3   Mgmt., Inc. v. Superintendent of Bureau of Ins., 22 F.3d 1, 3 (1st Cir. 1994) (assuming that

4   plan was covered by ERISA in order to proceed to dispositive second prong).  Defendant

5   has failed to show that Plaintiffs' claims "relate to" an employee benefit plan.

6      A state law "relates to" a covered employee benefit plan if it has "a connection with

7   or reference to such a plan." District of Columbia v. Greater Washington Bd. of Trade, 506

8   U.S. 125, 129 (1992) (citations omitted).  Such a state law can be pre-empted even if it has

9   only an indirect effect on benefit plans.  Id. at 129-130 (citations omitted).  Pre-emption

10  does not apply, however, if the state law has only a "tenuous, remote, or peripheral

11  connection with covered plans." Id. at 130 n.1 (quoting Shaw v. Delta Air Lines, Inc., 463

12  U.S. 85, n.21 (1983)).  This is the case with many laws of general applicability.  Id. (citing

13  Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 829 (1988)).

14     Here, Plaintiffs' claims under 29 L.P.R.A. § 283 do not relate to a covered employee

15  benefits plan.  Plaintiffs have already been paid their severance packages and do not seek to

16  recover employee benefits pursuant to a plan.  (Docket Nos. 14 at 4; 15 at 2.)  Rather,

17  Plaintiffs seek to be paid for the time they worked during meal periods and during overtime.

18  (Id.)  Under 29 L.P.R.A. § 283, an employer is required to allow workers a mandatory meal

19  period.  Id.  If the worker works during that time, he is entitled to double the normal rate of

20  wages.  Id.

21     To the extent that this law affects an employer's benefits plan, the connection is at

22  best "tenuous, remote or peripheral."  Shaw, 463 U.S. at 100 n.21.  § 383 does not mention

23  ERISA plans, dictate requirements, or exempt plans from any national requirements.  Id.

Civil No. 12-1395 (JAF)                                                                    -8-

1   Therefore, it appears to us as yet another "law of general application" that courts have held

2   are not preempted by ERISA.   See California Div. of Labor Standards v. Dillingham,

3   Constr., N.A., Inc., 519 U.S. 316, 334 (1997) (finding California's journeyman prevailing

4   wage law not preempted by ERISA); accord Carpenters Local Union No. 26 v. United

5   States Fidelity & Guaranty Co., 215 F.3d 136 (1st Cir. 2000) (collecting cases).   Moreover,

6   courts in this district have rejected defendant's argument that claims for underpaid wages

7   are preempted by ERISA.   See San Antonio-Trinidad, 773 F.Supp.2d at 247 (finding that

8   claim for underpayment of wages were not "within the scope" of ERISA's civil enforcement

9   remedy and thus not removable) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209

10  (2004)).

11       In this case, as in San Antonio, Defendant "had the burden" of proving federal

12  jurisdiction and "fail[ed] to meet this burden."   Id.   Plaintiffs' case will be remanded to

13  Commonwealth court.

14                                          **IV.**

15                                      **Conclusion**

16       Given the foregoing, we hereby **GRANT** Plaintiffs' motion to remand (Docket

17  No. 14).  This case is remanded to Puerto Rico's Commonwealth courts.

18       **IT IS SO ORDERED.**

19       San Juan, Puerto Rico, this 7th day of March, 2013.

20                              s/José Antonio Fusté
21                              JOSE ANTONIO FUSTE
22                              United States District Judge